NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM ERNESTO NUNEZ PEREZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 19-70747<br><br>Agency No. A209-292-248<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2023**

Before: GRABER, PAEZ, and NGUYEN, Circuit Judges.

William Ernesto Nunez Perez, native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's decision denying his applications for

asylum, withholding of removal, protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"), and voluntary departure. We have jurisdiction under 8 U.S.C. § 1252. We deny in part and grant in part the petition for review, and remand.

In his opening brief, Nunez Perez does not challenge, and therefore waives, the BIA's grounds for denial of his asylum, withholding of removal, and CAT claims. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to Nunez Perez's asylum, withholding of removal, and CAT claims.

As to voluntary departure, the agency did not have the benefit of our decision in *Posos-Sanchez v. Garland*, 3 F.4th 1176, 1185 (9th Cir. 2021), holding that a statutorily deficient notice to appear does not trigger the voluntary departure stop-time provision. Thus, we grant the petition for review as to Nunez Perez's voluntary departure claim and remand for the agency to reconsider the application. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002); *see also Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021) (exhaustion not required where resort to the agency would be futile).

Each party must bear its own costs on appeal.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED**.